IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 25-12380-BB
L.T. CASE NO. 1:21-cr-20303-DPG

---

YESID AVILA-DIAZ,
Defendant/Appellant,
v.
UNITED STATES OF AMERICA,
Plaintiff/Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida

---

**APPELLANT YESID AVILA-DIAZ**
**PETITION FOR PANEL REHEARING**

---

O'DONNELL CHRISTOPHER LLP
Attorney for Appellant
P.O. Box 172538
Miami, FL 33017
Tel: 305.640.8958
Email: sodonnell@
odonnellchristopher.com

*/s/ Sonia E. O'Donnell*
SONIA E. O'DONNELL
Florida Bar No. 250643

*/s/ Robert A. O'Donnell*
ROBERT A. O'DONNELL
Florida Bar No. 101156

THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)

***Yesid Avila-Diaz v. United States of America***
***Case No. 25-12380-BB***

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1**

Appellant Yesid Avila-Diaz, by and through undersigned court-appointed counsel, and pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Local Rule 26.1-1, hereby certifies that the following additional persons or entities may have an interest in the outcome of this case.

Blair, Elizabeth

Caruso, Michael

Coakley, Brianna

D'Angelo, Hon. Ellen F.

Davis, Michael S.

Delgado, Jorge R.

Diaz, Yesid Avila

Grove, Daren

Hermida, Ricardo P.

Louis, Hon. Lauren Fleischer

Mariani, Nicole

***Yesid Avila-Diaz v. United States of America***
***Case No. 25-12380-BB***

**Certificate of Interested Persons (cont'd)**

Matzkin, Daniel

McAliley, Hon. Chris M.

Moore, Hon. K. Michael

O'Donnell Christopher LLP

O'Donnell, Robert A.

O'Donnell, Sonia E.

Otazo-Reyes, Hon. Alicia M.

Reding Quinones, Jason A.

Rodriguez-Schack, Yvonne

Sanchez, Hon. Eduardo I.

Schuster, Joseph M.

Smachetti, Emily M.

Tomanelli, Audrey Pence

Torres, Hon. Edwin G.

Vigilance, Michele S.

# TABLE OF CONTENTS

**PAGE**

CERTIFICATE OF INTERESTED PERSONS................................C-1

TABLE OF CONTENTS.............................................................. i

TABLE OF CITATIONS............................................................ ii

ISSUES MERITING REHEARING REVIEW .................................... 1

ARGUMENTS SUPPORTING REHEARING ..................................... 1

I. THE PANEL APPLIED THE WRONG UNIT OF ANALYSIS IN EVALUATING THE STATUTE-OF-LIMITATIONS CLAIM..............................................................6

II. THE SECOND SUPERSEDING INDICTMENT MATERIALLY BROADENED THE TIMELY SUPERSEDING INDICTMENT AND CANNOT RELATE BACK......................................8

CONCLUSION................................................................10

CERTIFICATE OF COMPLIANCE...............................................11

CERTIFICATE OF SERVICE.................................................... 12

## TABLE OF CITATIONS

**CASES:** **PAGE**

*United States v. Helmich*,
704 F.2d 547 (11th Cir. 1983)........................................1, 2, 4, 10

*United States v. Italiano*,
894 F.2d 1280 (11th Cir. 1990) ..........................1, 2, 5, 6, 8, 9, 10

*United States v. Ratcliff*,
245 F.3d 1246 (11th Cir. 2001)...........................1, 2, 5, 6, 8, 9, 10

***STATUTES AND OTHER AUTHORITIES:***

21 U.S.C. § 959...............................................................3

21 U.S.C. § 963...............................................................3, 9

F.R.A.P. 26.1...............................................................C-1

F.R.A.P. 32...............................................................11, 12

F.R.A.P. 40...............................................................1, 11

ELEVENTH CIRCUIT RULE 28-1............................................11

ELEVENTH CIRCUIT LOCAL RULE 26.1-1..............................C-1

## ISSUES MERITING REHEARING REVIEW

Pursuant to Federal Rule of Appellate Procedure 40(a)(2), Appellant identifies the following points of law that the panel overlooked or misapprehended in granting the government's motion to dismiss:

**1.** The panel applied the facial-deficiency inquiry under *United States v. Helmich*, 704 F.2d 547, 548 (11th Cir. 1983) to the Second Superseding Indictment in isolation. The Second Superseding Indictment cannot relate back to the timely Superseding Indictment because it materially broadened the original charge. That claim requires comparing the successive indictments, and the defect is apparent on the face of the charging record when they are read together. The panel did not undertake that comparison.

**2.** The panel did not address whether the Second Superseding Indictment satisfies the relate-back requirements of *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990) and *United States v. Ratcliff*, 245 F.3d 1246, 1253 (11th Cir. 2001), which hold that a superseding indictment filed after the

limitations period has expired cannot relate back if it materially broadens or substantially amends the original charges. The Superseding Indictment charged a conspiracy lasting roughly three months; the Second Superseding Indictment expanded that charge to nearly six years, added new defendants, and alleged new conduct. The panel's order contains no analysis of this expansion under *Italiano* or *Ratcliff*.

**3.** The panel cited *Helmich* as foreclosing Appellant's claim. *Helmich* involved a single indictment in which no relation-back question was presented; the Court found no facial time-bar because the conspiracy was alleged to have continued into the limitations period. 704 F.2d at 548. Here, the claim is that the Second Superseding Indictment obtained its alleged end-date by materially broadening the timely Superseding Indictment. *Helmich* directs the court to the face of the charging record; it does not foreclose the comparative inquiry that the relation-back doctrine requires.

## **ARGUMENTS SUPPORTING REHEARING**

### INTRODUCTION

In 2017, a federal grand jury in the Southern District of Florida charged Santiago Alirio Gomez Rivera with conspiring to distribute cocaine, knowing and intending that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959 and 963. The original indictment alleged a conspiracy lasting from March 1 through May 20, 2013. (DE:3).

In April 2018, the grand jury returned a Superseding Indictment that added codefendants, including Appellant Yesid Avila Diaz, to the charge against Rivera. The conspiracy period remained substantially the same: March through May 2013. (DE:7). That indictment was filed within the five-year statute of limitations.

Three months later, in July 2018, the grand jury returned a Second Superseding Indictment. The codefendants and the statutory charge remained the same, but the alleged conspiracy period was expanded to run from January 2008 through September 2013. (DE:11). The Second Superseding Indictment also contained no overt acts and no individualized allegations of when any defendant joined or withdrew from the conspiracy. By the time it was returned, the

three-month conspiracy period alleged in the Superseding Indictment, ending in May 2013, had fallen outside the five-year limitations window.

Appellant was extradited from Colombia in November 2024 and pleaded guilty under an unconditional plea agreement on March 6, 2025. (DE:241; DE:243). He was sentenced to 108 months of imprisonment, the low end of his guidelines range. (DE:280).

On appeal, the government moved to dismiss before merits briefing, arguing that Appellant's unconditional guilty plea waived his statute-of-limitations challenge. The panel granted the motion in a per curiam order dated March 12, 2026, citing *United States v. Helmich*, 704 F.2d 547, 548 (11th Cir. 1983) for the proposition that a defendant who pleads guilty may challenge his prosecution as time-barred "only insofar as the indictment on its face shows that the limitations period expired." The panel concluded that the Second Superseding Indictment does not make that showing.

This petition contends that the panel applied *Helmich* to the wrong unit of analysis. Appellant's claim is not that the Second Superseding Indictment, read in isolation, discloses a time-bar on its face. It is that the Second Superseding Indictment cannot relate back

to the timely Superseding Indictment because it materially broadened the original charge, expanding a three-month conspiracy to nearly six years. That determination requires comparing the successive indictments, both of which are part of the record before this Court. When they are read together, the broadening that renders the Second Superseding Indictment time-barred under *United States v. Italiano*, 894 F.2d 1280 (11th Cir. 1990) and *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001) is apparent on the face of the charging record.

The panel treated the inquiry as confined to the Second Superseding Indictment alone. But the defect inheres in the relationship between successive indictments – namely, a timely Superseding Indictment charging a three-month conspiracy and an untimely Second Superseding Indictment expanding that charge to nearly six years with new defendants and new conduct. The panel should have considered the relationship between the timely and untimely indictments, and so applied the wrong unit of analysis. Had the panel considered the relationship among the various indictments, it would have seen that the change from the original, timely indictments to the ultimate indictment renders that Second

Superseding Indictment time-barred under *Italiano* and *Ratcliff*; it would be apparent on the face of the charging record when the successive instruments are read together. The panel's contrary conclusion warrants rehearing.

**ARGUMENTS SUPPORTING REHEARING**

## I. THE PANEL APPLIED THE WRONG UNIT OF ANALYSIS IN EVALUATING THE STATUTE-OF-LIMITATIONS CLAIM

A statute-of-limitations defense, properly raised, challenges the government's authority to prosecute. A guilty plea does not waive a limitations defense when the charging instrument itself demonstrates that the charges are time-barred. *Helmich*, 704 F.2d at 548.

The panel concluded that the Second Superseding Indictment does not reveal a time-bar on its face, because it alleges a conspiracy extending through September 2013 and was filed within five years of that date. Read in isolation, the Second Superseding Indictment does not disclose the defect. But Appellant's claim does not rest on the Second Superseding Indictment read in isolation. The claim is that the Second Superseding Indictment cannot relate back to the timely

Superseding Indictment because it materially broadened the original charge. That determination requires comparing the two instruments.

Both indictments are part of the record before this Court. The Superseding Indictment, filed within the limitations period, charged a conspiracy spanning roughly three months: March through May 2013. (DE:7). The Second Superseding Indictment, filed three months later in July 2018, charged a conspiracy beginning in January 2008 and continuing until September 2013, added defendants not previously named, and alleged conduct not previously charged. (DE:11). Where, as here, the defect inheres in the relationship between successive charging instruments, the face of the charging record includes both. The broadening is visible on that record without resort to extrinsic evidence.

The panel erred in confining its analysis to a facial inquiry of the later instrument alone, treating the Second Superseding Indictment as though it existed independently of the indictment it purported to supersede. That framing assumes the answer to the question the claim poses: whether the Second Superseding Indictment validly relates back. By declining to compare the

instruments, the panel foreclosed the very analysis that *Italiano* and *Ratcliff* require.

## II. THE SECOND SUPERSEDING INDICTMENT MATERIALLY BROADENED THE TIMELY SUPERSEDING INDICTMENT AND CANNOT RELATE BACK

A superseding indictment filed after the statute of limitations has expired is valid only if the original indictment was timely, remains pending, and the superseding indictment "does not broaden or substantially amend the original charges." *Italiano*, 894 F.2d at 1282. When a superseding indictment materially broadens a timely indictment, it does not relate back, and the later charges are time-barred. *Ratcliff*, 245 F.3d at 1253.

In *Ratcliff*, this Court held the relate-back doctrine inapplicable where "the differences in scope between the two sets of conspiracy charges [were] dramatic", as the superseding indictment had expanded the conspiracy's duration by years. 245 F.3d at 1253. The Court rejected the government's contention that the later indictment merely clarified or corrected the earlier one.

The case at bar is much the same. The Superseding Indictment in the present case charged a discrete conspiracy lasting roughly three months. The Second Superseding Indictment transformed that

charge into one spanning nearly six years, from January 2008 through September 2013, and added defendants and conduct that the timely indictment never alleged. This was not a clarification or correction of the original charge within the meaning of *Ratcliff*. The Second Superseding Indictment altered the factual core of the charge by reaching backward more than five years to allege conduct and participants far outside the scope of the original prosecution. Under *Italiano* and *Ratcliff*, that expansion cannot relate back.

The magnitude of the broadening is compounded by the character of the indictment itself. The Second Superseding Indictment charged a single § 963 conspiracy containing no overt acts and no individualized allegations of when any defendant joined or withdrew. (DE:11 at 1) It left unspecified what conduct the government relied on to satisfy the limitations period. The Superseding Indictment, by contrast, at least confined the conspiracy to a discrete and identifiable period. The Second Superseding Indictment erased that specificity while adding years of uncharged conduct, making the broadening visible on the face of the successive instruments and reinforcing the conclusion that the later indictment cannot be treated as a continuation of the timely charge.

The panel cited *Helmich* for the proposition that a defendant who pleads guilty may challenge his prosecution as time-barred only insofar as the indictment on its face shows that the limitations period expired. *Helmich* supports Appellant's position, not the panel's conclusion. In *Helmich*, the Court examined the indictment and found no facial time-bar because the conspiracy, despite beginning nearly twenty years earlier, was alleged to have continued through a date within the limitations period. 704 F.2d at 548. There was no claim that a later indictment had expanded an earlier one. Here, by contrast, the claim is that the Second Superseding Indictment obtained its alleged end-date by materially broadening the timely Superseding Indictment. *Helmich* directs the court to the face of the charging record; it does not instruct the court to ignore the relation-back question that determines whether the charging instrument is valid in the first place.

## CONCLUSION

The panel confined its inquiry to the Second Superseding Indictment in isolation, thereby declining to apply the comparative analysis that *Italiano* and *Ratcliff* require. When the successive indictments are read together, the material broadening of the timely

charge is apparent on the face of the indictments. Appellant respectfully requests that this Court grant rehearing and permit full briefing on the merits of his statute-of-limitations defense.

Dated: March 31, 2026.

Respectfully submitted,

O'DONNELL CHRISTOPHER LLP
P.O. Box 172538
Miami, FL 33017
Tel: 305.640.8958
Email: sodonnell@
odonnellchristopher.com

*/s/ Sonia E. O'Donnell*
SONIA E. O'DONNELL
Florida Bar No. 250643

*/s/ Robert A. O'Donnell*
ROBERT A. O'DONNELL
Florida Bar No. 1011567

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that this petition complies with the type-volume limitations of Fed. R. App. P. 40(b)(1) and Eleventh Circuit Rule 28-1 because, excluding the parts of the petition exempted by Fed. R. App. P. 32(f), this petition contains 1694 words.

The undersigned attorney further certifies that this petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Bookman Old Style 14 point font.

By: */s/ Sonia Escobio O'Donnell*
Sonia Escobio O'Donnell

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 31, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system which will serve a copy on:

Chief, Appellate Division
U.S. Attorney's Office
99 N.E. 4th Street, Ste. 500
Miami, FL 33132

By: */s/ Sonia Escobio O'Donnell*
Sonia Escobio O'Donnell